Dear Representative Hammett:
You requested the opinion of this office on behalf of Parishwide Fire Protection District #1 of Tensas Parish (the "District" or the "Lessee") concerning a proposed lease of property by the District. This office has been furnished with a proposed 49 year lease from Somerset Plantation Partnership (the "Partnership" or "Lessor") in favor of the District to be used for the purpose of constructing a fire station at the District's expense, for the benefit of the citizens of Tensas Parish. We have been asked to confirm that the use of public funds for the construction of this fire station on leased property is authorized by the provisions of Chapter 7 of Title 40 of the Louisiana Revised Statutes of 1950.
This office was furnished with a copy of the proposed lease, which states a term of fifty (50) years from January 1, 2001, for the sum of $50.00 cash, payable in advance, and the obligation to construct and operate a branch fire station within a designated period of time from the date of the lease. In the event that, after construction, the premises should cease to be used for fire protection purposes for a continuous period of two years, the lease shall terminate, and all improvements which are permanently attached to the land shall become the property of the Lessor. There are also other obligations of the District set forth in the lease, such as the obligation to provide public liability insurance. Furthermore, the lease contains a hold harmless clause whereby the Lessee is to hold the Lessor harmless from any claims by or liability to any person, firm or corporation, including Lessee's agents and employees, arising from Lessee's use and occupancy of the leased premises, or occurring on said premises for any reason.
Parish governing authorities are authorized to create fire protection districts pursuant to the authority granted in La.R.S. 40:1491, et seq. The board of commissioners of a fire protection district is given generally such powers and duties as are customary for the governing bodies of taxing districts and political subdivision, including the right to levy taxes and to operate and control the property acquired by the district. It may do all things necessary to carry out the purposes for which the district was created. La.R.S. 40:1499.
Fire protection districts constitute public corporations and as such have all the powers of public corporations, including perpetual existence and the right and power to incur debt and contract obligations. Such districts are also authorized to do and perform all acts in their corporate capacity and in their corporate names necessary and proper for the purposes of acquiring, maintaining, and operating buildings, machinery, and such other things, including both movable and immovable property, as might be necessary or proper for effective fire prevention and control or considered necessary by the governing body of the district for the protection of the property within the limits of the district against fire. However, fire protection districts are specifically prohibited from owning and operating systems of waterworks. R.S.40:1500(A). Districts may enter into such contracts as they consider necessary or desirable to carry out the purposes for which they were created. R.S. 40:1500(C).
R.S. 40:1501 further provides that fire protection districts are authorized to submit to the electors of the district a proposition to levy ad valorem taxes for the purposes of acquiring, constructing, improving, maintaining or operating fire protection or emergency medical service facilities, vehicles, and equipment, including both movable and immovable property, that are to be used by the district directly or indirectly to provide fire protection or emergency medical service. The cost of maintaining or operating facilities, vehicles, and equipment shall include, without limitation, salaries and benefits of fire district personnel, the costs of obtaining water, communication, equipment, uniforms and other materials and supplies, the cost of fire hydrant rentals and service, the cost of fuel, insurance and maintenance for vehicles and equipment, the cost of insurance, utilities, upkeep or buildings and grounds, and all other maintenance and operating costs necessary to carry out the public purposes for which fire protection districts are created. The Legislature has recognized that providing fire protection and emergency medical service by fire protection districts is a governmental purpose essential to the public health, safety and protection of citizens and property in the state, and state that the provisions of this Section shall be construed liberally in order to allow fire protection districts the broadest discretion in determining the appropriate uses for their funds subject to any express constitutional limitations.
Fire protection districts are also authorized to impose a parcel fee, if approved by the electors, the proceeds of which can be used for the purposes of acquiring, constructing, maintaining and operating fire protection facilities and equipment. R.S. 40:1505(A)(1).
Based upon the foregoing statutory authorizations for a fire protection district to (i) do all things necessary to carry out the purposes for which the district was created La.R.S. 40:1499); (ii) do and perform all acts in their corporate capacity and in their corporate names necessary and proper for the purposes of acquiring, maintaining, and operating buildings, machinery, and such other things, including both movable and immovable property, as might be necessary or proper for effective fire prevention and control or considered necessary by the governing body of the district for the protection of the property within the limits of the district against fire (R.S. 40:1500(A)); (iii) enter into such contracts as they consider necessary or desirable to carry out the purposes for which they were created (R.S. 40:1500(C)); and, (iv) use their broadest discretion in determining the appropriate uses for their tax proceeds subject to any express constitutional limitations (R.S. 40:1501), it is the opinion of this office that a fire protection district may lease property from a private individual in order to build a fire station.
We have been unable to find any provisions in state law which set forth required procedures for the acquisition of immovable property for public use by lease or purchase; therefore, it is our opinion that a lease for a new fire station need not be let by public bid. See Op.Atty.Gen. 93-175. Nor were we able to find a provision in state law which set forth the maximum length of time a fire protection district could lease private property; therefore, a term of fifty years would not violate state law.
Regarding the above quoted hold harmless clause in the lease, please be advised that R.S. 38:2195(A) declares that any provision contained in a public contract which requires a public entity to assume liability for damages arising out of injuries or property damage to the contracting parties or to third parties caused by the negligence of anyone other than the public body, its employees, or agents is contrary to the public policy of the State of Louisiana, and any such provision is null and void.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH